IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORDELL EDMONDS and JESUS POPPEL, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 11 C 3101 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| VILLAGE OF DOLTON, OFFICER GRIFFIN, | ) | |
| Star #611; OFFICER COLEMAN, Star #607 and | ) | |
| SERGEANT REMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Cordell Edmonds and Jesus Poppel brought a five-count complaint against defendants Village of Dolton and Village of Dolton police officers: Coleman Star #611, Griffin Star #607, in May 2011, alleging violations of the Fourth Amendment, arising from an incident in June 2009 in which defendants arrested plaintiffs for resisting arrest and battery to a peace officer. Counts I-III, brought against all defendants, alleged: (1) excessive force, (2) false arrest, and (3) failure to intervene. Counts IV and V, alleging battery and malicious prosecution, were brought against Coleman and Griffin individually, and the Village of Dolton under a respondeat superior theory.

After plaintiffs filed their initial complaint, discovery was stayed pending the plaintiffs' criminal prosecution. In March 2012 plaintiffs were found not guilty of all charges. They then filed a first amended complaint, adding Village of Dolton police officer Sergeant Curtis Rempson to Counts I-V, and adding an Illinois state law claim of indemnification against the Village of Dolton, under the theory of respondeat superior theory (Count VI).

Rempson has moved to dismiss Counts I-IV against him pursuant to Fed. R. Civ. P. 12(b)(6) as untimely, and arguing that after dismissal the court should then decline to exercise

supplemental jurisdiction over Count V because all federal claims against him would have been dismissed. All other defendants have moved to dismiss Count IV (battery) as time-barred. In response, plaintiffs have agreed to dismiss Counts I-IV against Rempson and Count IV against all defendants. The court dismisses these counts. Plaintiffs oppose dismissal of Count V. For the following reasons, defendant's motion to dismiss Count V is denied.

## FACTS[1]

In June 2009, plaintiffs Cordell Edmonds and his brother Jesus Poppel were walking in Dolton, Illinois when Poppel was punched in the face by defendant Griffin and knocked to the ground. Poppel alleges that Griffin continued to strike him while on the ground. When Edmonds attempted to see what was happening to Poppel, Coleman and Rempson "took Edmonds to the ground." Plaintiffs allege that at no time did they use force or resist the defendant officers. Plaintiffs allege that the other defendant officers had the opportunity to intervene, but failed to do so. Plaintiffs were then arrested and charged with resisting arrest and battery to a peace officer. They were found not guilty of all criminal charges in Illinois state court.

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic

---

[1]These facts are alleged in the complaint, and for purposes of evaluating defendants' motions to dismiss, the court accepts them as true. Yelksigian v. Nappi, 900 F.2d 101, 102 (7th 1990).

2

Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted).  To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," id. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In addition, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (explaining that Twombly's pleading principles apply in all civil actions).

Congress codified the common law rules of pendent jurisdiction by passing 28 U.S.C. § 1367 in 1990.  Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995).  Section 1367 states:

> "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action…that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involved the joinder or intervention of additional parties."

Section 1367 authorizes federal jurisdiction when the claims in question "derive from a common nucleus of operative fact."  Ammerman, 54 F.3d at 424.

In the instant case, federal question jurisdiction over plaintiffs' § 1983 claims against defendants is authorized by federal statute.  The facts regarding the malicious prosecution claim against Rempson and the malicious prosecution claim against the remaining defendants arise from the same facts as those supporting plaintiffs' federal claims.  The witnesses, testimony, and evidence will be common to both sets of claims.  Thus, the claims derive from a common nucleus of operative fact, and the court will exercise supplemental jurisdiction over the malicious prosecution claim against Rempson pursuant to § 1367(a).

3

## **CONCLUSION**

For the reasons discussed above, the court grants by agreement defendants' motion to dismiss Count IV against all defendants and Counts I-III against Rempson, and denies Rempson's motion to dismiss Count V.

**ENTER:** **July 26, 2012**

_____
**Robert W. Gettleman
United States District Judge**